IN THE CIRCUIT COURT
OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

**CHANDRA LOVETT,**

    Plaintiff,

v.   Case No:

**TRIDENT RESEARCH, LLC,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION AND VENUE

Plaintiff, CHANDRA LOVETT, by and through her undersigned counsel, sues Defendant, TRIDENT RESEARCH, LLC, and alleges as follows:

1. This is an action for damages that exceed $30,000.00, exclusive of costs, interest, and attorney's fees.

2. The unlawful employment practices alleged below were committed within Brevard County, Florida.

### PARTIES

3. Plaintiff, Chandra Lovett, resides in Brevard County, Florida, and has at all times material herein resided in Brevard County, Florida.

4. Defendant, Trident Research, LLC, is a foreign limited liability company registered in Texas, and at all times material herein was not registered or authorized to do business in the State of Florida.

## COUNT I

## PREGNANCY / SEX DISCRIMINATION - STATE CLAIM

5. This is an action for damages against Defendant for pregnancy / sex discrimination in violation of Chapter 760, Florida Statutes, The Florida Civil Rights Act.

6. Plaintiff realleges and incorporates Paragraphs 1 through 4 of this Complaint as if set forth in full herein.

7. Defendant violated the provisions of Section 760.10(1), Florida Statutes, which makes it unlawful for an employer to discharge or fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's …sex.

8. Plaintiff, a female, was employed by Defendant from February 11, 2019, until July 17, 2019, at the company's Cape Canaveral location as a Quality Assurance Coordinator.

9. Plaintiff was hired after interviewing with the company owner and then interviewing with a panel of engineers.

10. When Plaintiff was hired, she informed the Defendant that she was pregnant and intended to go on maternity leave after the child was born.

11. During the course of her pregnancy, Plaintiff was deemed high risk and she had multiple complications that prevented her from working intermittently, when she had doctor appointments.

2

12. Plaintiff always notified her supervisor when she had doctor appointments and she would work from home many nights and also attempted to make up as much time as possible by utilizing flex time.

13. Starting in March 2019, in response to requests Plaintiff made to take time off and receive PTO time due to pregnancy complications, the Director of Corporate Services informed the People Operations Manager that she was contemplating terminating Plaintiff.

14. On April 12, 2019, Plaintiff's baby was born.

15. On May 28, 2019, Plaintiff returned to work from maternity leave.

16. While Plaintiff was on maternity leave, she was routinely called at home with questions regarding her medical condition and requests for doctor's notes.

17. Even though Plaintiff had accrued over 30 hours of PTO time, she was not allowed to use it and management forced her to take leave without pay during her maternity leave even after she made a special request to the company owner per the employee handbook to allow her to use her earned PTO hours as a special circumstance during her probationary period.

18. In contrast, a male employee who worked at the company's Cape Canaveral location, was allowed to utilize PTO time during his probationary period.

19. As a result of Plaintiff's absences, Human resources informed Plaintiff that while she was on maternity leave her 90-day probationary period would be extended until July 11, 2019, since the total number of hours of her excused absences totaled 82.5 hours.

20. Shortly after Plaintiff returned from maternity leave, on May 28, 2019, Plaintiff received her 30/60 day review from her supervisor and received praise.

21. On July 1, 2019, Plaintiff received her probationary 90-day review, which did not reflect any negative feedback.

22. On July 17, 2019, Plaintiff was called into a meeting with her supervisor and the Director of Corporate Services, who advised Plaintiff that she allegedly committed time card fraud. The Director of Corporate Services further stated that due to Plaintiff's maternity leave "she had taken too much time off", despite previously extending Plaintiff's probationary period and that "she was not Trident material". The Director of Corporate Services said that, maybe Plaintiff was not ready to have a full time job after having a child and that maybe she should just stay home with the baby. Plaintiff was also told that she was terminated due to the alleged timecard fraud, which was stealing from the company, even though all of her time cards were approved by her supervisor.

23. Another employee at the Cape Canaveral location, who was not pregnant, allegedly committed time card fraud, but received a lesser punishment from management in the form of a verbal warning, even though that employee missed work due to an illness.

24. As a result of discrimination against the Plaintiff because of Plaintiff's pregnancy and sex, the Defendant's Director of Corporate Services terminated Plaintiff on July 17, 2019.

25. On or about February 26, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which was dual filed with the

Florida Commission on Human Relations alleging discrimination based on sex. (A copy is attached as Exhibit A)

26. More than one hundred eighty (180) days have passed since Plaintiff's Charge of Discrimination was filed with the Florida Commission on Human Relations, and the Florida Commission on Human Relations has not entered a determination on Plaintiff's claims.

27. Plaintiff has suffered and continues to suffer damage to her financial welfare by reason of Defendant's discriminatory actions against Plaintiff.

28. Defendant willfully, knowingly, and intentionally discriminated against Plaintiff, on the basis of her sex.

29. Plaintiff has retained the undersigned attorney and agreed to pay a reasonable fee.

30. Plaintiff has exhausted her administrative remedies prior to bringing this action.

31. Plaintiff has complied with all conditions precedent prior to bringing this action.

32. At all times during her employment with Defendant, Plaintiff performed all duties assigned to her in a professionally competent manner, faithfully followed all instructions given to her by her supervisors, and abided by all the rules and regulations of Defendant.

33. Plaintiff has suffered damage to her financial welfare by reason of Defendant's unlawful and discriminatory actions against Plaintiff.

34. Plaintiff has suffered severe mental anguish and emotional distress as a result of Defendant's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. A declaration by this Court that the Defendant violated the Florida Civil Rights Act.

B. An award for back pay, including all sums of money Plaintiff would have earned, together with such increases to which she would be entitled if she was not terminated, and interest thereon;

C. An award for payment of PTO time that was denied due to Plaintiff's pregnancy.

D. Compensatory damages including, but not limited to, mental anguish, loss of dignity and other intangible injuries;

E. Punitive damages;

F. An award of reasonable attorney's fees and all costs incurred herein;

G. Such other and further relief as the Court deems proper.

## COUNT II

## PREGNANCY DISCRIMINATION – FEDERAL CLAIM

35. Plaintiff realleges and incorporates paragraphs 1 through 4 and 8 through 24 above.

36. The Defendant's actions against Plaintiff were in violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978, 42 USC § 2000e(k) and were done wantonly, maliciously and with the intent to do harm to Plaintiff.

37. On or about February 26, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. (A copy is attached as Exhibit A)

38. During the first week of November 2020, Plaintiff received a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission.

39. Plaintiff has suffered and continues to suffer damage to her financial welfare by reason of Defendant's discriminatory actions against Plaintiff.

40. Defendant willfully, knowingly, and intentionally discriminated against Plaintiff, on the basis of her sex.

41. Plaintiff has retained the undersigned attorney and agreed to pay a reasonable fee.

42. Plaintiff has exhausted her administrative remedies prior to bringing this action.

43. Plaintiff has complied with all conditions precedent prior to bringing this action.

44. At all times during her employment with Defendant, Plaintiff performed all duties assigned to her in a professionally competent manner, faithfully followed all instructions given to her by her supervisors, and abided by all the rules and regulations of Defendant.

45. Plaintiff has suffered damage to her financial welfare by reason of Defendant's unlawful and discriminatory actions against Plaintiff.

46. Plaintiff has suffered severe mental anguish and emotional distress as a result of Defendant's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. A declaration by this Court that the Defendant violated the Title VII of the Civil Rights Act and the Pregnancy Discrimination Act:

B. An award for back pay, including all sums of money Plaintiff would have earned, together with such increases to which she would be entitled if she was not terminated, and interest thereon;

C. An award for payment of PTO time that was denied due to Plaintiff's pregnancy.

D. Compensatory damages including, but not limited to, mental anguish, loss of dignity and other intangible injuries;

E. Punitive damages;

F. An award of reasonable attorney's fees and all costs incurred herein;

G. Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 12th day of January, 2021.

/s/ Adrienne E. Trent
Adrienne E. Trent, Esquire
Florida Bar No. 0060119
Attorney for Plaintiff
Adrienne E. Trent, P.A.
836 Executive Lane, Suite 120
Rockledge, Florida 32955
Phone: (321) 610-2123
Direct: (321) 610-2122
Fax: (321) 504-1182
attorneytrent@cfl.rr.com

8

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>510-2020-01700 |
|---|---|---|

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Ms. Chandra C. Lovett** | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|

Street Address: **1911 Woodhaven Circle, Apartment 113, Rockledge, FL 32955**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**TRIDENT RESEARCH** | No. Employees, Members<br>**15 - 100** | Phone No. (Include Area Code) |
|---|---|---|

Street Address: **57511 Maca Road, Building AP, Cape Canaveral, FL 32920**

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **05-01-2019**   Latest: **07-17-2019**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed by Trident Research on February 11, 2019, as a Quality Assurance Coordinator. Upon my hiring, I informed my employer that I was pregnant and planned to go on maternity leave. During the course of my pregnancy I was deemed high-risk and I had multiple complications that prevented me from working intermittently as I was tending to various doctor visits. Despite this, I always informed my supervisor, would work from home many nights, and attempted to make up as much time as possible by utilizing the company's "flex time." Although I had over 30 hours of PTO time, I was not allowed to use it and management forced me to take leave without pay during my maternity leave even after I made a "special request" to the Owner, Mike Cardoza per the employee handbook to allow me to utilize my earned PTO hours as a special circumstance. I further noticed that during my maternity leave, I was routinely called at home with questions regarding my medical condition, requests for doctor's notes and questioned on when exactly I would be returning to work by Human Resources. Additionally, as a result of my absences I was told while on maternity leave by HR that my 90-day probation would be extended until June 11, 2019 due to total hours missed totaling 82.5 missed excused hours. Shortly after my return from maternity leave on May 28, 2019, I received my 30/60-day review from my supervisor Frank Guffey and received praise. On July 01, 2019, I received my probationary 90-day review which did not reflect any negative feedback. However, on July 17, 2019, I was called into a meeting with my supervisor, Frank Guffey and Ms. Cardoza who advised me that I allegedly committed time-card fraud. Ms. Cardoza further stated that "due to my maternity leave, I had taken too much time off" despite previously extending my probationary period without providing any valid justification and "that I was not Trident material". Ms. Cardoza also stated that, "maybe I was not ready to have a full-time job after having a child and that maybe I should just stay home with the baby." At this meeting I was informed that I was being considered for termination and was asked to collect my things. I was also advised that I was terminated due to committing timecard fraud and stealing from the company even though all my time cards were approved by Mr. Frank Guffey.

Although I was terminated for allegedly committing time-card fraud, other individuals outside of my protected class (Saraya Sikora) committed the same infraction but received a lesser punishment from management as she only received a verbal warning despite the fact that Ms. Sikora missed work due to an illness as well.

I believe that I have been discriminated against due to my sex (pregnancy) and perceived as disabled due to my high-risk pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 02/26/2020   Chandra C. Lovett<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |