# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHANDRA LOVETT,**

      **Plaintiff,**

v.                                                 **Case No: 6:23-cv-505-PGB-DCI**

**TRIDENT RESEARCH, LLC,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Defendant's Motion to Quash Service of Process, Vacate Clerk's Default, and Dismiss Complaint (Doc. 4)** |
| **FILED:** | **March 20, 2023** |
| **MOTION:** | **Plaintiff's Motion for Extension of Time to Serve the Complaint (Doc. 14)** |
| **FILED:** | **April 10, 2023** |

**THEREON** it is **ORDERED** that Defendant's Motion (Doc. 4) is **GRANTED in part** and Plaintiff's Motion (Doc. 14) is **DENIED without prejudice**.

Plaintiff initiated this employment discrimination case in state court where the clerk entered default against Defendant. Pending before the Court is Defendant's Motion to Quash Service of Process, Vacate Clerk's Default, and Dismiss the Complaint. Doc. 4 (the Motion). Related to that request is Plaintiff's Motion for Extension of Time to Serve the Complaint. (Doc.

14). The Court will reach Defendant's request for default, but not the request to quash service, as the Court requires the parties to confer further on the service of process issue.

As an initial matter, the undersigned finds that Plaintiff does not present a meaningful opposition to Defendant's request to set aside the default. In its entirety, Plaintiff states, "If default is vacated, Plaintiff will be prejudiced and will incur additional costs of litigation." Doc. 13 at 8. Plaintiff provides no substantive analysis or case law in support of this otherwise conclusory statement and, therefore, the response on this issue has the effect of offering no opposition.

A court "may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). "Good cause is a liberal standard that varies from situation to situation. *Compania Interamericana Expert-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted). Accordingly, courts have considered the following nonexclusive factors in determining whether "good cause"" has been shown: 1) whether the default was culpable or willful; 2) whether setting the default aside would prejudice the opposing party; 3) whether the defaulting party presents a meritorious defense; 4) whether there was significant financial loss to the defaulting party; and 5) whether the defaulting party acted promptly to correct the default. *Id.* (citations omitted). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id*. (citation omitted). However, if a "party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id*. at 951-52 (citation omitted).

Here, the default is due to be set aside for several reasons. First, there is no evidence that Defendant willfully defaulted. It is undisputed that Defendant learned of the lawsuit for the first time on March 10, 2023. Plaintiff's counsel sent to Defendant's corporate office via Federal

Express a notice of hearing, summons and complaint, notice of Florida Department of State's acceptance of the complaint, and Plaintiff's motion for summary judgment or final entry of default judgment. Defendant contends—without opposition—that Plaintiff never contacted Defendant or Defendant's attorney concerning the lawsuit prior to that delivery. Based on the record, the default was neither willful nor culpable. The lack of willfulness is also evidenced by Defendant's prompt attempt to address and correct the issue. Defendant removed the action within seven days of learning of the lawsuit and immediately filed its request with this Court to set aside the default and quash service. The Court is persuaded that Defendant did not delay in seeking to vacate the default.

Next, there is no evidence to support Plaintiff's conclusory statement that she will be prejudiced if default is set aside. *See Lake James Assocs., Inc. v. Summit Techs., L.L.C.*, 2006 WL 2789144, at *2 (M.D. Fla. Sept. 26, 2006) (explaining that establishing prejudice is showing more than "[m]ere delay," but "that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.").

In addition, Defendant has sufficiently demonstrated that it may have a meritorious defense to Plaintiff's claims. Defendant explains that it defended its position to the EEOC when Plaintiff filed a charge of discrimination and asserted that it had legitimate and non-discriminatory business reasons for Plaintiff's termination. Doc. 4 at 16, citing Ex. A.[1] To the extent Plaintiff's conclusory response can be construed to argue that Defendant's defense is insufficient, "it is enough for [a defendant] to show a 'hint of a suggestion that he [has] a meritorious defense' to set aside a judgment." *Brewer-Garrett Co. v. Endurance Assur. Corp.*, 2022 WL 2209678, at *3 (M.D. Fla. June 21, 2022) (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969); *Fid. &*

---

[1] On October 13, 2020, the EEOC found that it was unable to conclude that the information obtained established violations of the statute. Doc. 4-1 at 22.

*Deposit Co. of Md. v. Jernagan*, 1987 WL 49657, a t\*3 (N.D. Fla. July 5, 1987) ("Mere allegations of a meritorious defense can be substantial enough to constitute good cause.")); *see also Retina-X Studios, LLC v. ADVAA, LLC*, 2014 U.S. Dist. LEXIS 128674 (M.D. Fla. Aug. 21, 2014) ("Thus, whether a defense is meritorious does not depend on its likelihood of success") (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). Defendant's challenge to Plaintiff's claim is adequate for purposes of establishing good cause pursuant to Rule 55(c).

Additionally, the Court generally prefers that cases be resolved on their merits, rather than default judgment. *See Fl. Physician's Ins. Co., Inc., v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits.") (citation omitted). The Court finds that any prejudice to Plaintiff due to Defendant's delay is outweighed by the strong policy of determining cases on their merits.

In sum, Defendant has demonstrated good cause to set aside the default.

In the remainder of the Motion—i.e., Defendant's request to quash service of process—Defendant cites caselaw from the Fifth District Court of Appeal for the State of Florida that raises a question as to whether service was proper. Even so, the parties' current briefing is insufficient. More than providing legal support to their respective positions, the parties' filings reflect a breakdown in communications between them.

Plaintiff states in her Motion for Extension of Time to Serve the Complaint that, "If the court finds that Plaintiff's reliance on Florida Statute §605.0904(6) and *Magnolia Court, LLC v. Moon, LLC,* 299 So. 3d 423, 426 (Fla. 3rd DCA 2019), to serve the complaint against Defendant, a non-registered foreign limited liability company on the Florida Secretary of State was not correct, Plaintiff seeks an extension of time to serve the complaint on Defendant." Doc. 14 at 3. While

Plaintiff cites to Local Rule 3.01(g) and states that counsel was unable to contact Defendant's counsel for conferral, the Local Rule requires the following:

> *Unavailability*. If the opposing party is unavailable before the motion's filing, the movant after filing must try diligently for three days to contact the opposing party. Promptly after either contact or expiration of the three days, the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion. Failure to timely supplement can result in denial of the motion without prejudice. The purposeful evasion of a communication under this rule can result in a sanction.

Local Rule 3.01(g)(3) (emphasis in the original). Plaintiff has not filed such a supplement, so, the Motion is due to be denied without prejudice.

Since Plaintiff did not comply with Local Rule 3.01(g) in requesting an extension to serve the Complaint and that request is directly related to Defendant's motion to quash service, the Court finds that it will be beneficial for the parties to further confer; perhaps the issue of service of process might be waived or otherwise agreed-to. Even if the parties have already engaged in conferral on the issue, another attempt is warranted because the Court will likely grant Plaintiff's request to extend time to serve Defendant.

Based on the foregoing, it is **ORDERED** that:

1. Defendant's Motion (Doc. 4) is **GRANTED in part** to the extent that the clerk's entry of default is set aside. The remainder of the Motion is **DENIED without prejudice**; and

2. Plaintiff's Motion (Doc. 14) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on May 1, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE